The counsel, for the appellants'filed the following petition for a re-hearing.

Nelson by common deed of bargain and sale, signed by himsel'f only, conveyed to “Tho'fnas, as trustee for Frances Loveii, wife of John Lovell, the ha-bendum "‘to the said Thomas as trustee, and in trust for tiie said Frances and the heirs of her body,” with covenant, “if the land be lost, he will repay the purchase money to the said Frances or her trustee, as she may direct.” Francis Lovell took possession, hut being evicted by a paramount title, and Thomas being dead, she and her husband prosecuted an ac; tion, on the covenant to repay, against Nelson.
it is decided thatjthis action cannot be maintained, because it is a deed inter paries, and third persons cannot sue upon such deed, although they may upon all others, and because the estate was in the trustee, Thomas.
The counsel of Ihe plaintiffs on the contrary, would once more respectfully suggest, that this is not a deed of tile kind called inter partes by Chitty, the author to which the court refers; and that if it were such deed, the legal title was vested in Frances Lov-ell, by operation of statute, and of course, in- her and her husband, alone, was the right to'suc.
It is not confidently asserted by the counsel, that be is correct in the meaning of the term “interpartes,” *249 as used by Chitty, and none of- his books define it. But he understands Mr. Chitty to allude to deeds which were executed by several parties. And the present is not such an instrument. For Nelson signed it. 1 will not detain this court by remark, as to the forms ofconsumating such instruments as were called deeds be pnrte.te, trepártele, &,c. But will in-, sist, that as a matter essential,it must be interchang-ably executed. Nay. I cannot concede the propriety of the signature of the vendee to a deed, containing, like the present, words binding on the vendor alone, for if has the effect of estopping him, and should suppose that the signing of the vendee or lessee, is only proper where the instrument contains' conditions or covenants on his part likewise. And. although the commencement of this, like ordinary indentures of bargain and sale, contains words which would comport with the signature on the part of Thomas. Yetsurely the practice and usage of our country has never been for the grantee to sign, to execute a deed purporting barely to convey and warrant to himself a tract of land. Be the intention of the parties here, however, what it may, certainly it was not executed by Thomas or Lovell, and is not a deed of several parties. Can authority be necessary to prove, that to constitute a deed, it is necessary to be sealed and signed too, at'the present da) ? And how much less can it be necessary to make an instrument the deed of the grantee, than will suffice to make it a deed of the grantor. I would, however, refer to Co. Lit. Thomas’ Edition, p. 224, to shew the constituents of a deed; and the subsequent pages, in which the formsofthedifferentkinds ofdefedsare set forth bthink clearly maintain that both parties must sign to constitute a deed of two parts. That any recital of parties in the commencement and conclusion, is proper only to conform to the execution, and by no means dispenses with the signature of either.
-Petition,
If, however, this shall be considered the deed of two or more parties, or as Mr. Chitty would call it, “inter partes ” still 1 would hope upon further examination the law will be found for the plaintiff. I do not enquire wherefore, a third person tnay not sustain an action upon a covenant explicitly for his benefit in such an instrument as upon a single deed. *250 This' is a case of naked trust. The terms are peculiarly restrictive on the trustee. No clause of perpetuity, or limitation to his heirs. But on the contrary a fixed determination, that Mrs. Lovell and her heirs, ' shall' exercise the only beneficial, and the most absolute'control of the property, it were then ail outrage 'upon the'infentions and rights of the parties, that the descendants of Thomas, male and female, young and old, should inherit it. A mere authority without expressions to that effect, cannot pass to the heir or administrator. And unless it be a use or trust, upon which our statutes operate at law, I think the estate is gone. Now, on the subject of uses and trusts, for 1 apprehend that they are in this respect substantially the same, although the grantor intends, and so distinctly expresses it, that the legal title shall pass to one, for the benefit of another, the legislature for causes sufficiervt with itself, has said, that this shall not be. By statutory enactment, the use and title are united, and "the cestui qne trust acr quires a perfectly legal estate. Thus it is said in Sanders upon uses, page 11-7,'“if a man conveys or devises in fee in trust for B, or in trust, that B shall receive the rents and profits, this is a use executed in B, by the statute.” Again, “it is said, that in ail cases where a use might have been raised by the common (law,)and was formerly compellabletobeperform-edbythe chancery, the use shall now be executed by the 27, Hen. 8th,”&c.&c. And in 1st Cruise,457,“the object and intention of the statute 27, Hen. 8th, certainly was to destroy .that double property in land, which had been introduced into the English law by the invention of uses, for which purpose the statute enacted, that the legal seizuu and possession should be transferred to the use.” The same author proceeds to shew as Sanders did, that in all cases where the estate was conveyed for the use of a third person, the statute executed it, and confered the legal title upon the cestui que use. He refers to a case making a distinction between uses and trusts, which are shewn to be overruled in England, but which need no other remark, than, that our statute uses the word trust, consequently, there is no color for the difference with us. See 461, sec. 14. I will not de-bain the court wifh observation to shew, that with us. *251 ¿be statute is as operative, for the terms are comprehensive, and all lawyers admit, are at least as effectualas those of England, If, as I trust it will be found, that this deed of conveyance enured at 1'aw in favor of Mrs. Lovell and her children, our right to maintain the suit is obvious, even if the technical construction of the deed .were against us..
Petition.
*251 A re-hearing is respectfully prayed.
Per curiam. The petition is overruled.